J.G. BURNETTE AND W.R. BURNETTE, CO-EXECUTORS OF THE ESTATE OF MAGGIE E. BURNETTE v. FIRST CITIZENS BANK AND TRUST COMPANY

No. 7910SC1187

(Filed 2 September 1980)

1. **Uniform Commercial Code § 36– forged signature – reasonable care of depositor in discovering forgery – jury question**

    In an action to recover $13,500 withdrawn from plaintiff's savings account at defendant bank without her authorization, plaintiff was not barred by G.S. 25-4-406(2)(b) from establishing her right to recover her losses from defendant since evidence that plaintiff, a 95 year old woman, examined her bank statements during 1976-1977 to see if they showed she had the right amount in the account, that she did not detect that any numbers had been erased or substituted, and that she noticed white tape on the statement but thought the bank was responsible for the tape raised a jury question as to whether plaintiff failed to exercise reasonable care and promptness in examining the statements to discover her unauthorized signature.

2. **Uniform Commercial Code § 36– item paid on unauthorized signature – time during which recovery cannot be had**

    Any item paid by a bank in good faith on an unauthorized signature, even though payment is made from an account different from the one in which the bank customer was negligent in failing to report an unauthorized signature, would be governed by G.S. 25-4-204(2)(b), which precludes a customer's recovery from a bank "on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature."

3. **Uniform Commercial Code § 36– savings account withdrawal slip as instrument and item**

    A savings account withdrawal slip is an instrument and an item within the meaning of G.S. 25-4-104(g).

4. **Uniform Commercial Code § 36– series of unauthorized signatures – time during which recovery cannot be had**

    The effect of G.S. 53-52, which precludes recovery of losses by a depositor from a bank for payment of a forged check or other order to pay money unless within 60 days after the receipt of such voucher by the depositor, depositor notified the bank that such check or order so paid is forged, has been altered by G.S. 25-4-406(2)(b) so that, when there has been a series of unauthorized signatures or alterations by the same person, the depositor cannot recover payments made by the bank during a period of time commencing within 14 days after the customer has first received one such item and ending with the time that the bank receives notice, and this applies only if the customer has been negligent under G.S. 25-4-406(1).

---

Burnette v. Trust Co.

---

ON writ of certiorari to review judgment entered by *Bailey, Judge.* Judgment entered 25 May 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 21 May 1980.

Plaintiff, Mrs. Maggie Burnette, a ninety-five year old woman, filed this action to recover the sum of $13,500 withdrawn from her savings account at defendant bank without her authorization.

Plaintiff's troubles began when she took in a boarder named Linda Blalock in 1975. Ms. Blalock received her mail in the same mailbox as plaintiff and sometimes picked up plaintiff's mail for her. Beginning 30 March 1976, Ms. Blalock withdrew sums totaling $13,500 from plaintiff's account. In each instance, she forged plaintiff's signature on the withdrawal slip; then, she would place the money in plaintiff's checking account and write out a check naming herself as payee.

Plaintiff failed to discover the fraud until April 1977, even though defendant mailed her quarterly statements concerning the savings account balance and monthly statements regarding her checking account balance. Plaintiff was unable to detect the scheme, because Ms. Blalock intercepted the checking account statements and delayed their delivery for substantial periods so that she could doctor them. Even though her quarterly interest checks had become smaller, plaintiff attributed that fact to the bank's taking out a little bit more for its services.

Defendant filed an answer alleging G.S. 25-4-406 and G.S. 53-52 as well as other defenses as bar to plaintiff's claim. Summary judgment motions were made by both parties and denied. Plaintiff presented her evidence. At the conclusion of her presentation, defendant moved for a directed verdict which was allowed. Plaintiff gave notice of appeal, but the appeal was not timely perfected. Plaintiff petitioned for a writ of certiorari which we allowed. During the pendency of this case, plaintiff died, and the co-executors of her estate, J.G. Burnette and W. Raymond Burnette, were substituted as plaintiffs.

*Duncan A. McMillan, for plaintiff appellants.*

*Reynolds & Howard, by E. Cader Howard, for defendant appellee.*

ERWIN, Judge

"'On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, *as a matter of law*, the evidence is insufficient to justify a verdict for the plaintiff.'" (Citation omitted.)

*Kelly v. Harvester Co.*, 278 N.C. 153, 158, 179 S.E. 2d 396, 398 (1971).

[1] Plaintiff's evidence, when viewed in the light most favorable to her, tends to show that when she received her checking account statements during the period 1976-1977, she examined them to see if they showed she had the right amount in the account. She did not detect that any numbers had been erased or substituted. Beginning in May 1976, she noticed white tape on the statement, but thought the bank was responsible for the tape.

From this evidence, a jury question arises whether plaintiff failed to exercise reasonable care and promptness to examine the statements and items to discover her unauthorized signature. This is the statutory standard. *See* G.S. 25-4-406.

Plaintiff's actions in notifying defendant bank of unauthorized signatures on checks is relevant to her recovery of unauthorized withdrawals from her savings account because of G.S. 25-4-406(2)(b). G.S. 25-4-406(2)(b) precludes a customer's recovery from a bank "on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature." *See also Coleman v. Brotherhood State Bank*, 3 Kan. App. 2d 162, 592 P. 2d 103 (1979). The term *item* is defined in G.S. 25-4-104(g) as any instrument for the payment of money even though it is not negotiable.

**[2,3]** A savings account withdrawal slip is an instrument and an item. *Coleman v. Brotherhood State Bank, supra.* The official comment to G.S. 25-4-406 indicates that one of the principal consequences of G.S. 25-4-406 is to shift the burden of loss on the customer where the customer's failure to exercise reasonable care allows a wrongdoer to repeat his misdeeds. If that is the case, it would seem to follow that any item paid by the bank in good faith on an unauthorized signature, even though payment is made from an account different from the one in which the bank customer was negligent in failing to report an unauthorized signature, would likewise be governed by G.S. 25-4-406(2)(b), *see Coleman v. Brotherhood State Bank, supra,* and we so hold. Accordingly, we hold that plaintiff was not barred by G.S. 25-4-406(2)(b) from establishing her right to recover her losses from defendant since a jury question exists as to her negligence in failing to examine the statement of her checking account to discover her unauthorized signature.

Plaintiff would be barred from recovery of any loss sustained on any item paid prior to 1 April 1976 by G.S. 25-4-406(4).

**[4]** Defendant relies on the provision of G.S. 53-52 which precludes recovery of losses by a depositor from a bank for payment of a forged check or other order to pay money unless within sixty days after the receipt of such voucher by the depositor, the depositor notifies the bank that such check or order so paid is forged.

The North Carolina Comment to G.S. 25-4-406 states in pertinent part:

"*Subsection (2):* Subsection (2) (b) changes the rule of GS 53-52 on the time within which a depositor must report his own unauthorized signature: GS 53-52 uses an automatic 60-day test, i.e., (a) for forgeries reported within 60 days of day the customer receives his voucher, he can recover; but (b) for forgeries not reported within the 60 days, he cannot recover.

When there has been a series of unauthorized signatures or alterations by the same person, subsection (2) (b)

has a special rule. It provides, in effect, that a depositor cannot recover payments made by the bank during a period of time commencing with 14 days after the customer has first received one such item and ending with the time that the bank receives notice. These rules apply only if the customer has been negligent under subsection (1)."

We believe the commentator's interpretation of the effect of G.S. 25-4-406(2)(b) on G.S. 53-52 is consistent with the legislative intent and hold that G.S. 25-4-406(2)(b) alters the effect of G.S. 53-52 as mentioned. *See* 12 Strong's N.C. Index 3d, Statutes, § 5.4, pp. 69-70.

Plaintiffs allege three causes of action. One of the claims was based on emotional disturbance. Plaintiffs' evidence was insufficient to support a verdict on this theory. *See Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979).

The trial court's entry of a directed verdict as to the claim of emotional disturbance is

Affirmed.

The trial court's entry of a directed verdict as to plaintiffs' other claims is

Reversed.

Chief Judge MORRIS and Judge CLARK concur.